IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT L. COLLINS BEY,

                                ORDER

            Plaintiff,

                              08-cv-747-bbc

    v.

GERALD A. BERGE, RICHARD SCHNEITER,
PETER HUIBREGTSE, GARY BOUGHTON
and JUDITH HUIBREGTSE,[1]

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered in this case on January 30, 2009, I granted plaintiff's request for leave to proceed in forma pauperis on his claim that respondents Berge, Schneiter, P. Huibregtse, Boughton and J. Huibregtse violated his First Amendment rights to receive mail and visits from Peggy Snow. The Attorney General's office has accepted service of plaintiff's complaint on behalf of all defendants except defendant Berge, who is retired from the Department of Corrections. Therefore, the clerk has prepared Marshals Service and summons forms for defendant Berge and is forwarding copies of the complaint, the January

---

[1] The caption has been updated to reflect the correct spelling of defendant Judith Huibregtse's name.

1

30 order and the completed forms to the United States Marshal for service on him.

In completing the Marshals Service forms for defendant Berge, the clerk has not provided a forwarding address because this information is unknown. It will be up to the marshal to make a reasonable effort to locate defendant Berge by contacting his former employer (in this case, the Department of Corrections) or conducting an internet search of public records for the defendant's current address or both. Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990) (once defendant is identified, marshal to make reasonable effort to obtain current address). Reasonable efforts do not require the marshal to be a private investigator for civil litigants or to use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records.

Also, for plaintiff's information, in Sellers, the court of appeals recognized the security concerns that arise when prisoners have access to the personal addresses of former or current prison employees. Id. at 602. For this reason prison employees often take steps to insure that their personal addresses are not available in public records accessible through the internet. If the marshal is successful in obtaining the defendant's personal address, he is to maintain that address in confidence rather than reveal it on the marshals service forms, because the forms are filed in the court's public file and

mailed to the plaintiff after service is effected.

Entered this 4th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3