IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT L. COLLINS BEY,

                         Plaintiff,

    v.

GERALD A. BERGE, RICHARD SCHNEITER,
PETER HUIBREGTSE, GARY BOUGHTON
and JUDITH HUIBREGTSE,

                         Defendants.

ORDER

08-cv-747-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, plaintiff is proceeding on his claim that defendants violated his First Amendment rights when they restricted visitation and mail privileges between plaintiff and Peggy Swan. The Attorney General's office has accepted service of plaintiff's complaint on behalf of all defendants except defendant Berge, who is retired from the Department of Corrections. In an order entered in this case on February 4, 2009, I directed the United States Marshal to locate defendant Berge and serve him with plaintiff's complaint.

Now plaintiff has filed four motions with the court: (1) a motion for appointment of counsel; (2) a motion "of law in the interest of justice to issue an order that petitioner be provided with reasonable law library access in consideration of his jurisprudence deficiency,"

1

that I construe as a motion for emergency injunctive relief; (3) a motion "on providing copies of ex parte motions to the respondents"; and (4) a motion for an extension of time to file a motion for reconsideration of this court's January 30, 2009 screening order. I will address each of these motions in turn.

DISCUSSION

A. Motions for Appointment of Counsel and for Emergency Injunctive Relief

In deciding whether to appoint counsel, I must find first that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To show that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers who he has asked to represent him in this case and who turned him down. Plaintiff has not met this prerequisite.

Second, I must consider both the complexity of the case and the plaintiff's ability to litigate it himself. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). In his motion, plaintiff argues that he requires the assistance of a lawyer because "counsel would be in a better position to deal with the issue of finding and service of Berge" and because he does not have basic legal skills or adequate access to the prison law library. In this court's February 4, 2009 order, I explained that the United States Marshal has been directed to

2

locate and serve defendant Berge.  Therefore, plaintiff does not need to concern himself with locating and serving defendant Berge.

With regard to plaintiff's argument that he does not have adequate access to the prison law library, it appears this argument is intertwined with plaintiff's motion for emergency injunctive relief.  In these motions, it appears plaintiff is trying to raise a new claim that his right of access to the court is being infringed by prison officials because he is allowed to use the law library only once or twice a week for an hour and fifteen minutes at a time.  Also he appears to argue that various legal materials, such as the Federal Rules of Civil Procedure, are not available to him as hard copies rather than online.   He asks to be allowed to use the law library five times each week for two hours at a time.  For plaintiff's information, there is only one situation in which I may take up the matter of court access in the context of a pending lawsuit that does not include the claim in the underlying complaint.  If plaintiff could show that prison officials were actively and physically blocking his ability to come to trial or defend against a motion filed by the defendants, I may ask defendants' counsel to look into the matter and report the circumstances to the court.  This authority to entertain an issue that was not formally raised in the complaint stems from the court's inherent powers to exercise administrative control over the progress of the suits submitted to it for adjudication.

Here, plaintiff is not alleging that he is being prevented from coming to trial or

3

defending against a pending motion filed by the opposing party. His inability to dictate the conditions of his law library attendance or the form in which legal materials are available to him is not preventing him from prosecuting this lawsuit. In the January 30, 2009 screening order, this court discussed the law governing his only claim (that visitation and mail privileges between plaintiff and Peggy Swan are being restricted), and plaintiff concedes that he currently receives time at the law library to research this law. There is no reason to believe plaintiff requires 10 hours of law library time a week or hard copies of materials to research his case, especially when his time may be better spent gathering factual evidence to support his position. Because plaintiff has made no showing that he is entitled to the relief he seeks, his motion for emergency injunctive relief will be denied.

Plaintiff's next argument, that he lacks the legal knowledge and skills necessary to litigate this case, fares no better. His lack of legal knowledge or skills is not a good reason to appoint counsel in this case, as these handicaps are almost universal among pro se litigants. There is good reason to believe plaintiff is capable of prosecuting this lawsuit. He is not new to this court and has at least some experience conducting litigation. All of his submissions thus far in this case have been coherent and clearly written. Moreover, this court instructs pro se litigants at a preliminary pretrial conference on the use of discovery techniques available to all litigants so that they can gather the evidence needed to prove their claims. In addition, pro se litigants are provided a copy of this court's procedures for filing

4

or opposing dispositive motions and for calling witnesses, both of which were written for the very purpose of helping them understand how these matters work. In sum, plaintiff's limited legal skills or knowledge of the law are not circumstances warranting appointment of counsel.

B. "Motion on Providing Copies of Ex Parte Motions"

Plaintiff asks to be allowed to file motions with the court without sending a copy to defendants when the relief requested in the motion "clearly only benefit[s] or affect[s] the petitioner's rights . . ." He says that it would be burdensome for him to have to produce and send these documents to the defendants. Although plaintiff appears to take lightly the requirement that he serve a copy of his submissions in compliance with Fed. R. Civ. P. 5, it is not this court's practice to consider documents filed by one party that have not been served on the opposing party. There is no acceptable excuse for plaintiff not to serve his documents on the defendants, who are entitled to k now of all communications plaintiff has with the court, just as he is entitled to know of defendants' communications. If he attempts to communicate with this court without following the service requirements of Rule 5, his documents will not be considered. For these reasons, plaintiff's motion "on providing copies of ex parte motions to the respondents" will be denied.

C. Motion for Extension of Time to File a Motion for Reconsideration

5

Finally, plaintiff asks the court for additional time to respond to the January 30, 2009 order in which I screened his complaint pursuant to 28 U.S.C. § 1915(e). There is no deadline for plaintiff to file a motion for reconsideration of the January 30 order. Therefore, I will deny plaintiff's motion for an extension of time. However, plaintiff should submit his motion as promptly as possible.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion for appointment of counsel, dkt. #13, is DENIED.

2. Plaintiff's motion for emergency injunctive relief, dkt. #15, is DENIED.

3. Plaintiff's motion "on providing copies of ex parte motions to the respondents," dkt. #14, is DENIED.

4. Plaintiff's motion for an extension of time to file a motion for reconsideration of the January 30, 2009 order, dkt. #16, is DENIED as unnecessary.

Entered this 13th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

6