IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT L. COLLINS BEY,

                                                        ORDER
                    Plaintiff,
                                                    08-cv-747-bbc
            v.

GERALD A. BERGE, RICHARD SCHNEITER,
PETER HUIBREGTSE, GARY BOUGHTON
and JUDITH HUIBREGTSE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, plaintiff was granted leave to proceed in forma pauperis on his claim that defendants violated his First Amendment rights when they restricted visitation and mail privileges between plaintiff and Peggy Swan. However, plaintiff was denied leave to proceed on his claim that those same restrictions violated his Fourteenth Amendment right to procedural due process. Now, plaintiff has filed a motion requesting reconsideration of: (1) the denial of leave to proceed on his due process claim; (2) the decision to record a strike against him under 28 U.S.C. § 1915(g); and (3) the requirement that he provide defendants with copies of all future filings. Dkt. #19. Because plaintiff has not convinced me that I erred in any of these matters, his motion will be denied.

1

Although plaintiff's contention is not entirely clear, I understand it to be that plaintiff was not asserting a procedural due process claim against defendants in his original complaint but that he was asserting some substantive due process right or asserting his First Amendment rights through the Fourteenth Amendment.  In his complaint plaintiff states, "The defendants took away the plaintiff's mail and visitation rights [.] . . without any kind of *due process hearing* what so ever, to see if the plaintiff was actually guilty of a rule or policy [violation]."  Complt., dkt. #1, at 6 ¶22.  (Emphasis added).  These allegations were a straightforward attempt to bring a procedural due process claim against defendants.  As stated in this court's January 30, 2009 order, dkt. #7, whether the restrictions on plaintiff's First Amendment rights are valid is a First, not Fourteenth Amendment issue.  Plaintiff cannot attempt to proceed on a claim and then, when the claim fails, argue that he was not asserting such a claim.  Therefore, the decision to deny plaintiff leave to proceed on his due process claim stands.

Plaintiff contends further that he should not have received a strike under 28 U.S.C. § 1915(g) because only one claim was dismissed, not his entire complaint.  Plaintiff contends further that recording a strike against a prisoner for the dismissal of one claim cannot be permitted because otherwise a pro se prison litigant could obtain three strikes after having only one civil action dismissed if the action had three or more claims.  Plaintiff is mistaken about the law.  In George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals

2

for the Seventh Circuit explained that if *any* claim in a complaint is frivolous, malicious or fails to state a claim upon which relief may be granted the plaintiff must incur a strike under § 1915(g).  Further, a plaintiff can receive only one strike for each case.  For example, if a case has more than one claim dismissed for frivolousness, the pro se prison litigant would still receive only one strike.  Thus, plaintiff correctly received a strike because his procedural due process Fourteenth Amendment claim was dismissed for failing to state a claim upon which relief may be granted.

Finally, plaintiff again asks the court whether he can file motions in this case without providing copies to defendants.  He argues that he should be allowed to file "ex parte" communications with the court so long as his communications do not involve the merits of the case.  Again, he is mistaken.  Fed. R. Civ. P. 5 requires each party to serve on the other party all pleadings, discovery papers, written motions (except motions that may under special circumstances as set forth in the federal rules be heard *ex parte*) written notices, demands, offers of judgment, or "any similar paper."  In addition, it is this court's practice to require that all letters or any other form of communication with the court be served on the opposing party.  Holding each party responsible for serving the opposing party with its communications to the court allows both sides of a case to be informed about precisely what information the judge has been made aware.  Therefore, the court will not consider ex parte

3

communications from plaintiff or defendants in this case.  Thus, plaintiff's motion for reconsideration will be denied.


ORDER

IT IS ORDERED that plaintiff Robert L. Collins Bey's motion for reconsideration, dkt. #19, is DENIED.

Entered this 23rd day of February, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

4