IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT L. COLLINS BEY,

                                                                                           ORDER

                Plaintiff,

                                                                       08-cv-747-bbc

     v.

GERALD A. BERGE, RICHARD SCHNEITER,
PETER HUIBREGTSE, GARY BOUGHTON
and JUDITH HUIBREGTSE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Robert Collins Bey was granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on his claim that defendants violated his First Amendment rights when they restricted visitation and mail privileges between him and Peggy Swan. A preliminary pretrial conference was held before Magistrate Judge Crocker on March 17, 2009. The magistrate judge ordered dispositive motions filed no later than October 2, 2009 and discovery to be completed by January 29, 2010. On June 9, 2009, defendants filed a motion for summary judgment. Dkt. #29. Plaintiff's brief in opposition to this motion was to be filed by July 9, 2009.

      Before the court is plaintiff's motion for an order suspending briefing on the summary judgment motion for 90 days pursuant to Fed. R. Civ. P. 56(f). Rule 56(f) allows the court

1

to order a continuance on responding to a motion for summary judgment to enable discovery to be undertaken if the party opposing the motion "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion.  A review of plaintiff's affidavit establishes that he cannot present facts essential to his opposition of defendants' motion for summary judgment because he has not received a response to his discovery request and the response contains information regarding those essential facts.

In his motion, plaintiff states that he sought this information from defendants by serving the relevant discovery request on defendants on June 3.  (A copy of this request was filed with the court.)  Six days later defendants filed their summary judgment motion. Pursuant to Fed. R. Civ. P. 34, defendants have 30 days to respond to plaintiff's discovery request.  However, a July 3 response would give plaintiff a mere two days to incorporate the facts found in the response into his summary judgment opposition.  Because plaintiff will not receive the responses to his discovery request until early July, he may have an extension to file his brief in opposition to defendants' motion for summary judgment until July 27, 2009.  Defendants may have until August 7, 2009, in which to file and serve their reply brief.

ORDER

IT IS ORDERED that plaintiff Robert L. Collins Bey's motion to suspend briefing

on defendants' motion for summary judgment, dkt. #38, is PARTIALLY GRANTED. Plaintiff may have until July 27, 2009 to file his brief in opposition to defendants' motion for summary judgment. Defendants may have until August 7, 2009 to reply.

Entered this 25th day of June, 2009.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge