IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT L. COLLINS BEY,

                                                    ORDER
                    Plaintiff,
                                              08-cv-747-bbc
         v.

GERALD A. BERGE, RICHARD SCHNEITER,
PETER HUIBREGTSE, GARY BOUGHTON
and JUDITH HUIBREGTSE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff Robert Collins Bey was granted leave to proceed in forma pauperis on his

claim that defendants violated his First Amendment rights when they restricted visitation

and mail privileges between him and Peggy Swan.  Defendants moved for summary

judgment on June 9, 2009.  I granted plaintiff an extension of time to file his brief in

opposition to defendants' motion until July 27, 2009.

    Now before the court are plaintiff's motion to strike defendants' motion for summary

judgment and a motion for a court order enjoining defendants from interfering with

plaintiff's outgoing legal mail.  Plaintiff asks the court to strike defendants' motion for

summary judgment, claiming that their motion, proposed findings of fact and brief in

1

support are not signed as required under Rule 11, Fed. R. Civ. P.  As defendants' lawyer points out, the documents were signed electronically, which satisfies the Rule 11 requirement.   Therefore, plaintiff's motion to strike defendants' motion for summary judgment will be denied.

Next, plaintiff asks the court to tell defendants to cease interfering with his outgoing mail unless he has violated the legal loan agreement.  He states that on July 1 and 2, 2009, he placed his discovery requests in the mail at the institution and that the defendants enforced an "unwritten policy" against him.  I think that plaintiff is saying that defendants failed to mail the documents for some reason and that by doing so they interfered with his access to the court.

There is only one situation in which I may take up the matter of court access in the context of a pending lawsuit that does not include the claim in the underlying complaint. If plaintiff could show that prison officials were actively and physically blocking his ability to come to trial or defend against a motion filed by the defendants, I may ask defendants' counsel to look into the matter and report the circumstances to the court.  This authority to entertain an issue that was not formally raised in the complaint stems from the court's inherent powers to exercise administrative control over the progress of the suits submitted to it for adjudication.

Although plaintiff argues that the defendants' unlawful interference with his legal mail

2

has affected his ability to respond to their motion for summary judgment, plaintiff has not made a showing that this has occurred.  For this court to consider the type or motion, plaintiff would have to provide far more information.  He has not actually stated that defendants failed to mail his outgoing legal mail or the reason that they did so.  Further, he has not shown that if the discovery requests were not mailed, he would be unable to respond to defendants' motion for summary judgment.  Also, I note that plaintiff has sent numerous documents to the court since July 2, 2009, including copies of the discovery requests that he referred to in his motion.   Therefore, at this time, I will deny plaintiff's motion for an order enjoining defendants from interfering with his outgoing legal mail.

## ORDER

IT IS ORDERED that

(1)  Plaintiff's motion to strike defendants' motion for summary judgment, dkt. #48, is DENIED; and

(2) Plaintiff's motion for a court order enjoining defendants from interfering with his outgoing legal mail, dkt. #41, is DENIED.

Entered this 17th day of July, 2009.

BY THE COURT:

Barbara B. Crabb

BARBARA B. CRABB
District Judge