IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT L. COLLINS BEY,

                                                          ORDER

           Plaintiff,

                                                          08-cv-747-bbc

    v.

GERALD A BERGE, RICHARD
SCHNEITER, PETER HUIBREGTSE,
GARY BOUGHTON and J. HUIBREGTSE,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Robert Collins Bey was initially granted leave to proceed <u>in forma pauperis</u> on his claim that defendants violated his First Amendment rights when they prohibited him from receiving mail and visits from Peggy Swan. On August 21, 2009, I granted defendants' motion for summary judgment and denied as moot plaintiff's motion for summary judgment, which was still being briefed and not yet under advisement. Dkt. #74. On August 24, 2009, judgment was entered in favor of defendants. Dkt. #75. Also on August 24, 2009, plaintiff filed a second motion to reconsider the court's initial screening order. Dkt. #76. On September 9, 2009, plaintiff filed a motion to reconsider the court's order granting defendants' motion for summary judgment. Dkt. #80. I will address each of plaintiff's

1

motions for reconsideration in turn.

I will start with plaintiff's motion for reconsideration of the screening order. This case was initiated in December 2008, dkt. #1, and plaintiff's complaint was screened in January 2009, dkt. #7. After plaintiff's complaint was screened, he was granted leave to proceed on his First Amendment claim but denied leave to proceed on his Fourteenth Amendment claim. In February 2009, plaintiff filed his first motion to reconsider the court's screening order, dkt. #19, which was denied, dkt. #20. In June 2009, defendants filed their motion for summary judgment on plaintiff's First Amendment claim. Dkt. #29. On July 27, 2009, plaintiff filed his own motion for summary judgment. Dkt. #63. Plaintiff did not seek reconsideration of the initial screening of his complaint for a second time until after defendants' motion for summary judgment was fully briefed and plaintiff's own motion for summary judgment had been filed.

Nothing has changed since I denied plaintiff's first motion for reconsideration. The restrictions on his communications with the outside world raised a First, not Fourteenth, Amendment issue. Dkt. #7 at 5-6. Even assuming that plaintiff's motion should have been granted on its merits, plaintiff seeks reconsideration too late in the game. In fact, the same day his motion for reconsideration was received and filed by the clerk's office, judgment was entered against plaintiff. Further, defendants would have been prejudiced if plaintiff's motion were granted because they had already filed a summary judgment motion on

2

plaintiff's First Amendment claim and had not been defending against any Fourteenth Amendment claim. Accordingly, plaintiff's motion for a second reconsideration of the court's screening order will be denied.

I turn now to plaintiff's request for reconsideration of the order granting defendants' motion for summary judgment. Although plaintiff's motion is entitled a motion for reconsideration, I construe it as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). The purpose of a Rule 59 motion is to bring to the court's attention newly discovered evidence or a manifest error of law or fact. E.g., Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). It is not intended as an opportunity to reargue the merits of a case. Neal v. Newspaper Holdings, Inc., 349 F.3d 363, 368 (7th Cir. 2003). Nor is a Rule 59 motion intended as an opportunity for a party to submit evidence that could have been presented earlier. Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 615 (7th Cir. 2006) (citing Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995)).

Motions under Rule 59 must be filed within ten days of the entry of judgment. Fed. R. Civ. P. 59(b). In calculating the 10-day period, weekend and holidays are not counted. A litigant's failure to meet the time limits of Rule 59 forecloses him from raising in the district court his assertions that errors of law have been made. United States v. Griffin, 782 F.2d 1393, 1396 (7th Cir. l986). If the motion is timely, the movant must "clearly

3

establish" his grounds for relief. Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A timely motion filed pursuant to Fed. R. Civ. P. 59 tolls the time for taking an appeal.

Plaintiff's motion is timely. Judgment was entered on August 24, 2009. Although plaintiff's Rule 59 motion was filed on September 9, 2009, eleven days later, plaintiff notes that he placed the motion in the prison mail on September 3, 2009, dkt. #82, which is confirmed by the date on the motion. Plaintiff's motion was "filed" when he deposited it in the prison mail system, which was within Rule 59's ten-day deadline. Houston v. Lack, 487 U.S. 266, 270-71 (1988).

Plaintiff contends that the court should have permitted him to file his reply brief in his motion for summary judgment before granting defendants' motion for summary judgment because he had additional facts to include. He is mistaken. It was plaintiff's responsibility to respond to defendants' motion for summary judgment with specific facts raising a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). He could not wait to submit such facts in his own summary judgment motion, as detailed in this court's Procedure to be Followed on Motions for Summary Judgment, dkt. #26, II.B.1. ("A responding party should file additional proposed findings of fact if it needs them to defeat the motion for summary judgment.") With respect to his own summary judgment motion, he could not wait to submit necessary facts in his reply brief. Id., dkt. #26, I.B.3. ("The statement of proposed

4

findings of fact shall include ALL factual propositions the moving party considers necessary for judgment in the party's favor.")  Any submission of facts in his reply brief would have been disregarded in accordance with this court's summary judgment procedure.  Id., dkt. #26, I.B.4 ("The court will not consider facts contained only in a brief.")  Moreover, the facts plaintiff included with plaintiff's summary judgment motion were considered in ruling on defendants' motion for summary judgment.  Plaintiff's additional contentions are an attempt to reargue the merits of a case, which is not proper under Rule 59.  Plaintiff has failed to bring to the court's attention *newly* discovered evidence or a manifest error of law or fact and his motion will be denied.

If plaintiff still wishes to challenge the order granting defendants' motion for summary judgment, his recourse is to appeal the decision to the Court of Appeals for the Seventh Circuit.  If he intends to take this route, however, he should be aware that the time for filing an appeal runs for all parties from the date of entry of an order disposing of his timely filed Rule 59 motion.  See Fed. R. App. P. 4(A).  Fed. R. App. P. 4(a)(1)(A) provides that the notice of appeal may be filed by any party within 30 days after the judgment or order appealed from is entered.  Therefore if plaintiff intends to file an appeal in this case, he has 30 days from the date of entry of this order in which to do so.  Further, the fee for filing an appeal is $455.  If plaintiff requests leave to proceed in forma pauperis on appeal, his request should be accompanied by a trust fund account statement for the six-month

5

period immediately preceding the filing of his notice of appeal so that this court can determine his financial eligibility for pauper status. I express no opinion at this time whether I would grant such a request.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert L. Collins Bey's second motion for reconsideration of this court's screening order, dkt. #76, is DENIED; and

2. Plaintiff's motion for reconsideration of this court's order granting defendant's motion for summary judgment, dkt. #80, is DENIED.

Entered this 22nd day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge